**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHANTAL ATTIAS, *et al.*,<br><br>                Plaintiffs,<br>    v.<br><br>CAREFIRST, INC., *et al.*,<br><br>                Defendants. | Civil Action No. 1:15-cv-00882-CRC |

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release, which is subject to Court approval pursuant to Federal Rule of Civil Procedure 23, is made and entered into by and among: Chantal Attias, an individual District of Columbia resident; Andreas Kotzur, an individual District of Columbia resident; Richard Bailey, an individual Virginia resident; Latanya Bailey, an individual Virginia resident; Lisa Crider f/k/a Huber, an individual Maryland resident; Curt Tringler, an individual Maryland resident; and Connie Tringler, an individual Maryland resident, on behalf of themselves (the "Class Representatives") and collectively with all similarly situated individuals that have been included in the certified class action in this case (the "Plaintiffs"), *on the one hand*; and, *on the other*, CareFirst, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst of Maryland, Inc.; and CareFirst BlueChoice (collectively, "CareFirst").

### 1.  RECITALS

WHEREAS, on June 10, 2015, Ms. Attias, Ms. Bailey, and Mr. Bailey brought eleven causes of action against CareFirst arising from a 2014 data breach, in the United States District

Court for the District of Columbia, in the matter styled *Attias, on behalf of herself and all similarly situated individuals v. CareFirst*, Civil Action No. 1:15-cv-00882-CRC;

WHEREAS, on June 26, 2015, the Plaintiffs filed an Amended Complaint adding claims by Mr. Kotzur and Ms. Crider f/k/a Huber;

WHEREAS, on July 20, 2015, Plaintiffs filed a Second Amended Complaint adding claims by Mr. and Mrs. Tringler;

WHEREAS, on September 24, 2015, CareFirst filed a motion to dismiss the Complaint for lack of Article III standing, which District Judge Christopher Cooper granted on August 10, 2016;

WHEREAS, on August 1, 2017, the U.S. Court of Appeals for the District of Columbia Circuit reversed Judge Cooper's decision, and on March 26, 2018, issued a mandate returning the case to the District Court;

WHEREAS, on June 13, 2018, CareFirst filed a Rule 12(b)(6) motion to dismiss for failure to state a claim, and the Court held oral argument on such motion on November 5, 2018 and granted the motion, in part, on January 30, 2019;

WHEREAS, on February 13, 2019, CareFirst filed an Answer to the remaining claims that were not dismissed in the Court's January 30, 2019 order;

WHEREAS, on February 26, 2019, the Court entered final judgment pursuant to Rule 54(b) as to the claims dismissed in the January 30, 2019 order, and Plaintiffs appealed this order on February 28, 2019;

WHEREAS, on August 11, 2020, the D.C. Circuit concluded that the Rule 54(b) order was not immediately appealable and remanded the case in its entirety to the District Court;

WHEREAS, following remand to the District Court, Plaintiffs filed a motion for reconsideration of the Court's January 30, 2019 order based on other cases decided by the D.C.

Circuit in the intervening time period, and the District Court granted that motion, in part, on January 29, 2021, at which point Plaintiffs proceeded into discovery on three claims—alleged breach of contract, alleged violation of the Virginia Consumer Protection Act, and an alleged violation of the Virginia Consumer Protection Act;

WHEREAS, on February 12, 2021, CareFirst filed an Answer as to all remaining allegations;

WHEREAS, on August 23, 2022, Plaintiffs filed a motion for class certification;

WHEREAS, on December 2, 2022, CareFirst filed a motion for summary judgment on all claims;

WHEREAS, on March 28, 2023, the District Court preliminarily denied Plaintiffs' motion for class certification subject to Plaintiffs renewing the motion to address certain issues related to predominance;

WHEREAS, on May 12, 2023, Plaintiffs filed a renewed motion for class certification;

WHEREAS, on September 13, 2023, the District Court granted summary judgment to CareFirst on Plaintiffs' Maryland and Virginia Consumer Protection Act claims, and denied summary judgment as to the breach of contract claim;

WHEREAS, on January 30, 2024, the District Court conducted a hearing on Plaintiffs' renewed class certification motion, and on March 29, 2024, certified a class to pursue Plaintiffs' breach of contract claim;

WHEREAS, on April 12, 2024, Plaintiffs filed a Rule 23(f) Petition with the U.S. Court of Appeals for the District of Columbia Circuit that was ultimately denied, and on April 29, 2024, Plaintiffs filed a motion for certification for interlocutory appeal or in the alternative for reconsideration or clarification, which the District Court denied on August 20, 2024;

3

WHEREAS, the parties have been engaged in potential discussions about resolution and conducted a formal mediation on November 4, 2024;

WHEREAS, CareFirst denies each and every allegation in the Litigation, has asserted numerous defenses, and denies any wrongdoing or liability;

WHEREAS, this Agreement has been reached after the Parties have litigated the case for nearly a decade; this Agreement is the product of sustained, arms' length settlement negotiations conducted through numerous calls, meetings, and an in-person mediation with counsel;

WHEREAS, during the course of the mediation process and the negotiations to resolve this matter, the Parties determined that, given the absence of actual identity theft reasonably tied to the 2014 data breach and that the Named Plaintiffs and many Plaintiffs continue to receive health insurance coverage through CareFirst, the most effective way to afford the class members full and final relief in a negotiated resolution of their claims is to implement a program of prospective injunctive relief;

WHEREAS, based on the Court's prior rulings related to individual damages, the Parties believe that a program of prospective injunctive relief pursuant to Rule 23(b)(2) is a more appropriate means of addressing the class's allegations than the previously asserted Rule 23(b)(3) damages class;

WHEREAS, without admitting any claims or defenses asserted in the Litigation or any liability whatsoever, and solely to avoid the cost, inconvenience, and uncertainty of the Litigation, the Parties agree to a full, final, and complete resolution of their dispute; and

WHEREAS, the Parties believe that this Agreement is fair, reasonable, and adequate in resolving the Litigation because it (1) provides for certification of the Settlement Class; and (2)

provides for injunctive relief to the Settlement Class Members; and (3) provides this relief to the Settlement Class in exchange for releases tailored to the specific claims made in this case.

NOW THEREFORE, without any admission or concession of any Party as to the merits of the claims or defenses in the Litigation, it is hereby stipulated and agreed that this matter and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice, subject to Court approval, on the terms and conditions set forth herein.

These recitals are expressly incorporated as part of the Agreement.

## 2. **DEFINITIONS**

For the purposes of this Agreement, including its recitals, the following terms are defined as follows:

2.1    Agreement: this Settlement Agreement and Release.

2.2    Class Counsel: The Giatras Law Firm, PLLC; Nidel & Nace, PLLC; and Paulson & Nace, PLLC.

2.3    Class Representatives: Chantal Attias; Andreas Kotzur; Richard Bailey; Latanya Bailey; Lisa Crider f/k/a Huber; Curt Tringler; and Connie Tringler.

2.4    Complaint: the class action complaint filed on June 10, 2015 and amended on June 26, 2015, and again on July 20, 2015.

2.5    Covered Conduct: all conduct by Defendants and the Released Parties relating in any way to the 2014 CareFirst data breach that was announced on or about May 20, 2015.

2.6    Defendants or CareFirst: CareFirst, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst of Mayland, Inc.; and CareFirst BlueChoice.

2.7    Effective Date: the date the Final Judgment becomes final for all purposes because either (i) the Court has entered the Final Approval Order and there were no objections;

5

(ii) an objection was filed, the Court has entered the Final Approval Order notwithstanding any objection, no appeal has been filed in accordance with Fed. R. App. P. 4(a), and the time within which an appeal may be noticed and filed has lapsed; or (iii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of this settlement and Agreement.

2.8     <u>Final Judgment</u>: the Court's order granting final approval of this Settlement and concluding the Litigation.

2.9     <u>Injunctive Relief</u>: the injunctive relief to which the Defendants have agreed and which benefits the Settlement Class, as further described in Section 4.6.

2.10    <u>Injunctive Relief Order</u>: the consent order attached as **Exhibit A** to this Agreement and proposed by the Parties for entry by the Court intended to require and accomplish the Injunctive Relief that in no way imposes any obligation, duty, or responsibility on the Defendants or creates a right on behalf of the Settlement Class beyond what is described in the Injunctive Relief.

2.11    <u>Internet Notice</u>: The Class Action notice provided via the Internet as part of the Notice Plan, as further described in Section 4.4.3.

2.12    <u>Litigation</u>: the case styled *Attias, on behalf of herself and all similarly situated individuals v. CareFirst*, Civil Action No. 1:15-cv-00882-CRC.

2.13    <u>Notice Plan</u>: the Class Notice Plan described below in Section 4.4.

2.14    <u>Parties</u>: Plaintiffs and Defendants.

2.15    <u>Plaintiffs</u>: the Class Representatives and the other members of the certified class action that jointly comprise the Settlement Class.

2.16    <u>Preliminary Approval</u>: the Court's order in substantially similar form to the proposed order attached as **Exhibit B**, certifying the proposed Settlement Class for settlement purposes only, preliminarily approving the proposed Settlement as fair, reasonable, and adequate, appointing the Settlement Administrator, and appointing Class Counsel.

2.17    <u>Released Claims</u>: the claims released by the Settlement Class, as further set forth in Sections 6.1 through 6.3.

2.18    <u>Released Parties</u>: Defendants and their predecessors, successors, and assigns; the present and former, direct and indirect, parents, subsidiaries, sister corporations, divisions, corporate affiliates, insurers, or associates of any of the above; and any person involved in any respect with regard to the Defendants' conduct alleged in the Litigation, including officers, directors, employees, agents, owners, customers, stockholders, members, representatives, and counsel of any of the above.

2.19    <u>Service Award</u>: the one-time payment to each of the Class Representatives for their time and resources devoted to representing the Settlement Class, as further set forth in Section 4.7.2.

2.20    <u>Settlement</u>: the agreed-upon terms set forth in this Agreement.

2.21    <u>Settlement Administrator</u>: the third-party settlement administrator who will establish the Settlement Website and administer the Notice Plan.

2.22    <u>Settlement Class</u>: the class proposed to be certified for settlement purposes only as part of this Agreement, defined as: All natural persons who purchased and/or possessed health insurance from CareFirst and whose personally identifiable information, personal health information, sensitive personal information was breached as a result of the 2014 CareFirst data breach, which was announced on or about May 20, 2015. The

7

Settlement Class does not include Defendants' officers, directors, and employees, Parties' counsel, any judge overseeing or considering the approval of the Settlement, together with members of their immediate family and any judicial staff.

2.23   <u>Settlement Class Members</u>: any person in the Settlement Class.

2.24   <u>Settlement Website</u>: the website to be established by the Settlement Administrator.

## 3.  <u>PRELIMINARY APPROVAL</u>

By January 31, 2025, Plaintiffs shall file with the Court a motion for Preliminary Approval of the proposed Settlement. The motion must seek entry of an order (in a form substantially similar to **Exhibit B**) that would, for settlement purposes only:

a) preliminarily approve this Agreement;

b) certify a conditional Settlement Class under Federal Rule of Civil Procedure 23(b)(2), composed of the Settlement Class Members;

c) appoint Class Counsel to represent the Settlement Class;

d) approve the proposed Class Notice Plan; and

e) appoint the Settlement Administrator.

## 4.  <u>RULE 23(B)(2) SETTLEMENT</u>

4.1 **Class Definition.** For purposes of Settlement only, under the express terms and conditions of this Agreement, Plaintiffs and Defendants agree to seek certification of a mandatory, nationwide Rule 23(b)(2) Settlement Class in the Litigation, as defined in Section 2.22.

4.2 **No Right to Opt Out.** Because the Settlement Class is being certified as a mandatory class under Federal Rule of Civil Procedure 23(b)(2), Settlement Class Members shall not be permitted to opt out of the Settlement Class.

8

4.3 **Class Certification for Settlement Purposes Only.** Defendants preserve their arguments that no class action should be certified as a class action under the Federal Rules of Civil Procedure, and nothing in this Agreement may be construed as an admission by Defendants that this Litigation or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Agreement prevents Defendants from opposing class certification or seeking de-certification of the Settlement Class, or of the class previously certified by the District Court, if final approval of this Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason, or if any of the conditions exist that permit Defendants to terminate this Agreement in accordance with the terms below.

4.4 **Notice Plan.**

4.4.1 **Settlement Class Notice.** Individual notice is not required for a class certified under Federal Rule of Civil Procedure 23(b)(2). Nonetheless, the Parties and the Settlement Administrator will develop and recommend to the Court an appropriate and reasonable Notice Plan to reach Settlement Class Members. The Notice Plan will be administered by the experienced and highly qualified Settlement Administrator, utilizing at least the following methods or their practicable equivalents:

a) individual e-mail notices will be sent to all Class Members;

b) a Rule 23(b)(2) Class Settlement Website will be established that contains the Preliminary Approval Order, the Internet Notice, the Agreement, and other relevant information regarding the Court-approval process;

c) a toll-free telephone number will be established that will provide Settlement Class Members with access to recorded information regarding the Settlement; and

d) and banner advertisements will be placed on selected Internet websites that will allow Settlement Class Members who select one of the advertisements to click on a link that directs them to the Class Settlement Website.

As soon as reasonably practicable after Preliminary Approval, the Settlement Administrator shall implement the Rule 23(b)(2) Notice Plan and other actions described in this Section.

4.4.2 **Court Appointment and Retention of Settlement Administrator.** In the Preliminary Approval Motion, the Parties will propose that the Court appoint Continental DataLogix, LLC as Settlement Administrator. The Settlement Administrator will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the Rule 23(b)(2) Notice Plan.

4.4.3 **Internet Notice.** The Parties have agreed that they will jointly recommend the Internet Notice to the Court for approval. The Internet Notice is designed to provide comprehensive and reasonable notice of the terms of the Settlement Agreement. The Internet Notice shall be posted on the Class Settlement Website.

4.4.4 **Class Settlement Website.** The Settlement Administrator will create and maintain the Class Settlement Website to be activated as soon as practicable following Preliminary Approval. The Settlement Administrator's responsibilities will also include securing an appropriate URL. The Settlement Administrator will create and maintain the Class Settlement Website. The Class Settlement Website will post important settlement documents, such as the Agreement, the Internet Notice (in both English and Spanish), and the Preliminary Approval Order. In addition, the Class Settlement Website will include a description of the Injunctive Relief along with a copy of the Injunctive Relief Order, a section for frequently asked questions, and procedural information regarding

the status of the Court-approval process, such as an announcement when the final approval hearing is scheduled. The Settlement Administrator will terminate the Class Settlement Website at a time to be determined after consultation with counsel for the Parties; however, under no circumstances shall the Class Settlement Website be active more than one hundred and eighty (180) days after either (1) the Effective Date, or (2) the date on which the Settlement is terminated or otherwise not approved by a court. The Settlement Administrator will then transfer ownership of the URL to Defendants.

4.4.5 **Banner Advertisements.** The Settlement Administrator will take reasonable steps to attract Settlement Class Members to the Class Settlement Website by purchasing banner advertisements on appropriate websites that will take Settlement Class Members who select the link in the advertisement to the Class Settlement Website.

4.4.6 **Toll-Free Telephone Number.** The Settlement Administrator will create and maintain a toll-free telephone number to be activated as soon as practicable following Preliminary Approval. The toll-free number will provide Settlement Class Members with recorded information (in both English and Spanish) that includes answers to frequently asked questions and directs them to the Class Settlement Website.

4.4.7 **Costs.** Defendants shall be responsible for the costs associated with the Notice Plan and the Settlement Administrator.

4.5 **Class Action Fairness Act ("CAFA") Notice.** Defendants shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten (10) days after the filing of this Settlement Agreement with the Court. Before the Court's Final Approval Hearing, Defendants shall file with the Court a certification of the date(s) upon which the CAFA Notice was served.

11

4.6 **Injunctive Relief.** The Parties recognize that CareFirst has implemented considerable heightened security measures based on organization and industry experience in the more than ten years that have elapsed since the 2014 data breach. The Parties have agreed that CareFirst agrees to maintain, at minimum, the following security measures as the agreed injunctive relief under Federal Rule of Civil Procedure 23(b)(2):

4.6.1   Mandatory training of all employees on privacy and security awareness as part of onboarding.

4.6.2   Mandatory annual, refresher training of all employees on privacy and security awareness.

4.6.3   Periodic simulated phishing-awareness campaigns, conducted at least quarterly.

4.6.4   Mandatory phishing training required for anyone who clicks a link in a simulated phishing-awareness campaign.

4.6.5   Conduct annual internal and external vulnerability scans.

4.6.6   Multi-factor authentication required for network access.

4.6.7   Adopt as a baseline the National Institute of Standards and Technology ("NIST") Cybersecurity Framework ("CSF"), or if those become obsolete, the prevailing industry standards.

4.6.8   PHI / PII is encrypted at rest and in transit in alignment with regulatory compliance, customer contracts, industry standard, as well as the organization's data classification policy and standard. Data is encrypted at rest using Transparent Data Encryption (TDE) AES 256, Bitlocker for workstations, and in transit with TLS 1.2 or higher, or if those become obsolete, the prevailing industry standards.

4.6.9    Access controls inclusive of the separation of basic user IDs from privileged IDs, just-in time access for privileged users, and privileged access workstations (jump stations), with limited resources and connectivity, which are isolated.

4.6.10    In the event any obligation Defendants have agreed to maintain becomes obsolete based on prevailing industry standards, Defendants shall adopt the prevailing industry standard.

4.6.11    Any good faith action by Defendants reasonably necessary to comply with any federal, state, or local law, enactment, regulation, or judicial ruling shall not constitute a breach of this Agreement. In the event any obligation Defendants have agreed to undertake in the Injunctive Relief becomes inconsistent with any federal, state, or local law, enactment, regulation, or judicial ruling, then Defendants shall be released from performing such obligation after notice to Class Counsel. Any objection to such change in procedure shall be made to the Court by Class Counsel within ten (10) days of such notice.

**4.7 Settlement Class Attorneys' Fees, Costs, and Other Expenses.**

4.7.1    **Class Counsel Fee Award.** No later than forty-five (45) days prior to the Final Approval Hearing, Class Counsel shall make an application to the Court for an award of attorneys' fees, costs, and other expenses for up to seven hundred seventy-five thousand dollars ($775,000) for their representation of the Settlement Class. Class Counsel's application shall also request that the Court specifically approve all the terms of this Section. Defendants agree to support the application by Class Counsel for attorneys' fees, costs, and other expenses in an amount up to seven hundred seventy-five thousand dollars ($775,000) in the aggregate. The $775,000 award shall include

all fees, costs, and other expenses for all attorneys (and their employees, consultants, experts, and other agents) who performed work in connection with the Litigation on behalf of the Settlement Class Members including the Plaintiffs. Regardless of the number of attorneys sharing in the Court's award of attorneys' fees, costs, and other expenses, Defendants shall not be required to pay any award that exceeds, in the aggregate, $775,000 in connection with the Settlement Class. This agreement with respect to attorneys' fees, costs, and other expenses was not negotiated until after the substantive terms of the settlement, including the Injunctive Relief to the Settlement Class, had been negotiated and agreed upon during the mediation.

4.7.2 **Plaintiffs' Service Award.** No later than forty-five (45) days prior to the Final Approval Hearing, the Class Representatives shall make an application to the Court for the Court's approval of a Service Award of three thousand, five hundred dollars ($3,500) each and Defendants will not oppose a Service Award in that amount or less. The Parties' negotiation of, and agreement to, the foregoing Service Award did not occur until after the substantive terms of the settlement had been negotiated and agreed upon during the mediation. The Service Award shall constitute the sole consideration to Class Representatives for being Class Representatives and shall be applied for and made separately from attorneys' fees.

4.7.3 **Payment Schedule.** Within ten (10) days after the Effective Date, Defendants will pay the Class Counsel fee award and Service Award approved by the Court up to and not more than $799,500 in the aggregate by wire transfer to the agent identified by Class Counsel.

14

## 5.  ENTRY OF FINAL JUDGMENT AND ORDER

The Parties shall jointly seek entry by the Court of a Final Judgment and Order in the form of **Exhibit C** hereto, which includes the following provisions (among others):

a) granting final approval of this Agreement, and directing its implementation pursuant to its terms and conditions;

b) ruling on Class Counsel's applications for attorneys' fees, costs, and other expenses;

c) discharging and releasing the Released Parties, and each of them, from the Released Claims;

d) permanently barring and enjoining all Settlement Class Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit, arbitration, or other legal or dispute proceeding that asserts Released Claims;

e)  permanently barring and enjoining all Settlement Class Members from seeking to use the class action procedural device in any future lawsuit against any Released Party to assert Claims that were or could have been brought in the Litigation and that are not otherwise released and discharged by the Agreement;

f) directing that the Litigation be dismissed with prejudice and without costs;

g) stating pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the Final Judgment and Order is a final, appealable order; and

h) reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Agreement and the Final Judgment and Order.

## 6.  RELEASES

6.1 **Settlement Class Release and Waiver of Class Action Procedural Device.** The Class

Representatives and Settlement Class Members waive and release their right to pursue, in

the future, any Claims against the Released Parties related to the Covered Conduct or that

were or could have been brought in the Litigation, using a class action procedural device

or any other form of collective device or mass action. This class action waiver includes any

Claims whatsoever related to the Covered Conduct, including claims for injunctive relief,

actual damages, and/or federal or state statutory, or otherwise. The Class Representatives

and the Settlement Class Members recognize that as part of this Agreement, Defendants

are agreeing to the certification of a tentative Settlement Class. The Plaintiffs and

Settlement Class Members further recognize that they have already availed themselves of

the class action procedural device in this Litigation to obtain the agreed class-wide

Injunctive Relief, and they agree that they shall not be allowed to avail themselves of any

class, collective, or mass action procedural device in the future against the Released Parties

for Claims related to the Covered Conduct.

6.2 **Waiver of California Civil Code § 1542.** Class Representatives and Settlement Class

Members acknowledge that they are aware that they may hereafter discover facts in

addition to or different from those that they or Class Counsel now know or believe to be

true with respect to the subject matter of this Litigation and the waivers and Releases in

this Agreement, but it is their intention to, and they do upon the Effective Date of this

Agreement, fully, finally, and forever settle and release any and all released claims, without

regard to the subsequent discovery or existence of such different additional facts. Class

Representatives and Settlement Class Members waive any and all rights and benefits

afforded by California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT KNOW
> OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR.

Class Representatives, Settlement Class Members, and Class Counsel understand and

acknowledge the significance of this waiver of California Civil Code Section 1542 and/or

of any other applicable federal or state law relating to limitations on releases.

6.3 **Individual Right of Action.** Except as otherwise released herein, the Settlement Class

Members, other than Class Representatives—who will execute separate agreements

releasing their individual claims—do not release and discharge, but instead preserve, their

respective right to file an individual lawsuit for any and all actual damages sustained before

the Effective Date, subject to the waiver of the class action procedural device described in

Section 6.1.

## 7. <u>MISCELLANEOUS PROVISIONS</u>

7.1 **Termination.** Defendants' willingness to settle this Litigation on a class-wide basis and to

agree to the accompanying certification of the Settlement Class is dependent upon

achieving finality in this Litigation and avoiding the expense of this and other litigation.

Consequently, Defendants may terminate this Settlement Agreement, declare it null and

void, and have no further obligations under this Settlement Agreement to Plaintiffs if any

of the following conditions subsequently occurs: (a) the Parties fail to obtain and maintain

preliminary approval of the proposed Settlement; (b) the Court fails to enter a final order

consistent with the provisions of this Settlement Agreement; (c) the Settlement is not upheld on appeal, including review by the United States Supreme Court; (d) the Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Settlement Agreement; or (e) Plaintiffs or Class Counsel commit a material breach of the Settlement Agreement before entry of the Final Judgment and Order. The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees, costs, and other expenses would not be grounds for Plaintiffs, the Settlement Class, or Class Counsel to cancel or terminate this Settlement Agreement. The failure of the Court or any appellate court to approve in full the request of the Class Representatives for their Service Award would not be grounds to terminate this Settlement Agreement. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Court shall decertify the Settlement Class; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, will be without prejudice to any Party and may not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties would stand in the same procedural position as if the Settlement Agreement and motion for preliminary approval had not been negotiated, made, or filed with the Court.

7.2 **Best Efforts to Obtain Court Approval.** Plaintiffs and Defendants, and the Parties' counsel, agree to use their best efforts to obtain Court approval of this Settlement Agreement.

7.3 **Court's Jurisdiction.** The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement. The Court also shall retain exclusive jurisdiction: (1) over any subsequent claim against Defendants related to a Settlement Class Member's Released Claims; and (2) over any determination of whether a subsequent lawsuit is released, barred, or limited by the Settlement Agreement.

7.4 **Class Member Disputes.** If any Class Member has a claim or dispute regarding Defendants' compliance with this Agreement, including the implementation of Injunctive Relief, such Class Member shall first submit, *pro se* or through counsel, his or her dispute directly to Defendants before taking any other action. Upon receipt of such dispute, Defendants shall provide a copy to Class Counsel. Defendants shall have thirty (30) days to investigate the dispute and respond to the Class Member, with a copy to Class Counsel, before any motion for relief is ripe.

7.5 **Settlement Notices.** Except for the Class Notice Plan, all other notices or formal communications under this Agreement shall be in writing and shall be provided by electronic mail to counsel for the Party as follows:

> *For Class Counsel:*
> Troy Giatras
> Matthew Stonestreet
> The Giatras Law Firm PLLC
> 118 Capitol Street, 4th Floor
> Charleston, WV 25301
> troy@thewvlawfirm.com
> matt@thewvlawfirm.com
>
> *For Defendants:*
> Matthew Gatewood
> Gatewood PLLC
> 1455 Pennsylvania Avenue NW, Suite 400
> Washington, DC 20004
> MOG@gatewood-law.com

19

7.6 **Attorneys' Fees.** Except as provided for herein, the Parties each shall bear their own costs and attorneys' fees.

7.7 **Confidentiality.** The Parties, their counsel, and any experts in the Litigation, disclosed or undisclosed, agree that they remain subject to the Court's Confidentiality Order entered on April 23, 2021 (Docket No. 83). Defendants may communicate with its customers, business contacts, and members of the public in the ordinary course of business about this Litigation and the Settlement as it deems necessary.

7.8 **Authority.** Each Party represents and warrants that it has the full power and authority to make the releases and agreements contained herein, and that they have not assigned, encumbered, or in any manner transferred all or a portion of the claims covered by the releases and agreements contained herein.

7.9 **Severability.** If the Court does not approve any substantive term, or if the Court effects a material change to the Agreement, then the entire Agreement will be, at the Parties' discretion, void and unenforceable. Before declaring any provision of this Agreement invalid, the Parties intend that the Court first attempt to construe the provision valid to the fullest extent possible so as to render all provisions of this Agreement enforceable.

7.10     **Construction.** This Agreement shall be deemed to have been drafted by all the Parties to this Agreement, and no rule of construction shall be applied against any Party as the drafter. This Agreement includes the terms set forth in each attached exhibit. Each exhibit to this Agreement is an integral part of it. The headings within this Agreement appear for the convenience of reference only and do not affect the construction or interpretation of any part of this Agreement.

7.11    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. An electronic signature shall be deemed an original. The signatories hereto represent that they are fully authorized to bind their respective Party to all terms of this Agreement. The Parties agree that the Settlement Class Members are so numerous that it is impossible or impractical to have each Class Member execute this Agreement or to identify and provide individual notice to each Class Member. This Agreement may be executed on behalf of the Settlement Class Members by the Class Representatives.

7.12    **Entire Agreement.** This Agreement contains the entire agreement of the Parties with respect to the subject matter hereof and cannot be altered, amended, or modified in any respect, except by a written agreement signed by authorized representatives of the Parties.  All prior agreements and understandings regarding the subject matter hereof, whether written or oral, are expressly superseded hereby and are of no further force or effect.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date, and it shall be effective as of that date.

Dated: _____, 2024          By: _____

                                                             Class Representative

Dated: _____, 2024          By: _____

                                                             Class Representative

Dated: _____, 2024          By: _____

                                                             Class Representative

Dated: _____, 2024          By: _____

                                                             Class Representative

Dated: _____, 2024          By: _____

                                                             Class Representative

Dated: _____, 2024          By: _____

                                             Class Representative



Dated: _____, 2024          By: _____

                                             Class Representative




                                        For Defendants


Dated: _____, 2024          By: _____

                                        Name: _____

                                        Title: _____

**APPROVED AS TO FORM:**


Dated: _____, 2024          The Giatras Law Firm LLC


                                            By:
                                               _____
                                                        Troy Giatras


                                            *Counsel for Plaintiffs*



Dated: _____, 2024          GATEWOOD PLLC


                                            By:
                                               _____
                                                        Matthew Gatewood


                                            *Counsel for Defendants*