**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANTAL ATTIAS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CAREFIRST, INC., *et al.*,<br><br>Defendants. | Civil Action No. 1:15-cv-00882-CRC |

## INJUNCTIVE RELIEF ORDER

On [DATE], 2025, the Court entered its Order granting the Motion for Final Approval of Class Action Settlement and Entry of Final Judgment and Order (ECF No. [ ].) Under that Order and Section 4.6 of the Settlement Agreement and Release executed January ___, 2025 (the "Agreement") (ECF No. [ ]), the Court enters this Injunctive Relief Order, hereby ordering that Defendants (collectively referred to as "CareFirst") comply with the following:

1. For purposes of this Injunctive Relief Order, the Court adopts and incorporates the definitions of the defined terms set forth in the Agreement. The terms of this Injunctive Relief Order are intended to reflect the Injunctive Relief provisions in the Agreement and shall not be construed to impose any obligations or requirements in addition to those set forth in the Agreement.

2. The Court recognizes that CareFirst has implemented considerable heightened security measures based on organization and industry experience in the more than ten years that

have elapsed since the 2014 data breach, and the lawsuit that commenced following the 2014 data breach.

    3.    CareFirst will maintain, at minimum, the following security measures going forward:

    a. Mandatory training of all employees on privacy and security awareness as part of onboarding.

    b. Mandatory annual, refresher training of all employees on privacy and security awareness.

    c. Periodic simulated phishing-awareness campaigns, conducted at least quarterly.

    d. Mandatory phishing training required for anyone who clicks a link in a simulated phishing-awareness campaign.

    e. Conduct annual internal and external vulnerability scans.

    f. Multi-factor authentication required for network access.

    g. Adopt as a baseline the National Institute of Standards and Technology ("NIST") Cybersecurity Framework ("CSF"), or if those become obsolete, the prevailing industry standards.

    h. PHI / PII is encrypted at rest and in transit in alignment with regulatory compliance, customer contracts, industry standard, as well as the organization's data classification policy and standard. Data is encrypted at rest using Transparent Data Encryption (TDE) AES 256, Bitlocker for workstations, and in transit with TLS 1.2 or higher, or if those become obsolete, the prevailing industry standards.

   i. Access controls inclusive of the separation of basic user IDs from privileged IDs, just-in time access for privileged users, and privileged access workstations (jump stations), with limited resources and connectivity, which are isolated.

4. In the event any obligation Defendants have agreed to maintain becomes obsolete based on prevailing industry standards, Defendants shall adopt the prevailing industry standard.

5. If any Class Member has a claim or dispute regarding Defendants' compliance with this Agreement, including the implementation of Injunctive Relief, such Class Member shall first submit, *pro se* or through counsel, his or her dispute directly to Defendants as provided in Section 7.4 of the Agreement before taking any other action. Upon receipt of such dispute, Defendants shall provide a copy to Class Counsel. Defendants shall have thirty (30) days to investigate the dispute and respond to the Class Member, with a copy to Class Counsel, before any motion for relief is ripe.

6. Any good faith action by Defendants reasonably necessary to comply with any federal, state, or local law, enactment, regulation, or judicial ruling shall not constitute a breach of this Agreement. In the event any obligation Defendants have agreed to undertake in the Injunctive Relief becomes inconsistent with any federal, state, or local law, enactment, regulation, or judicial ruling, then Defendants shall be released from performing such obligation after notice to Class Counsel. Any objection to such change in procedure shall be made to the Court by Class Counsel within ten (10) days of such notice.

7. This Injunctive Relief Order is consented to by Defendants as part of a negotiated compromise and does not constitute an admission of liability or wrongdoing.

8. The Court reserves continuing jurisdiction over the Parties with respect to matters relating to this Injunctive Relief Order.

9.	None of the Parties, including any Settlement Class Member, shall be entitled to the recovery of attorneys' fees, costs, or other expenses in connection with any subsequent efforts to monitor compliance with this Injunctive Relief Order.

**IT IS SO ORDERED**, this ___ day of ___, 2025.

_____
CHRISTOPHER R. COOPER
UNITED STATES DISTRICT JUDGE