IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHANTAL ATTIAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CAREFIRST, INC., *et al.*, <br><br> Defendants. | Civil Action No. 1:15-cv-00882-CRC |

**FINAL APPROVAL ORDER**

This matter having come before the Court for Final Approval of Class Settlement; the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered [            , 2025], a "Settlement Class," and the Court, being fully advised finds that:

1. Certification for settlement purposes of the Settlement Class, as defined by the Settlement Agreement proposed by the parties in this case (ECF No. __), is appropriate pursuant to Federal Rules of Civil Procedure 23(a) and 23(b). Defined terms used in this Order are those defined in the Settlement Agreement.

2. Notice to the Settlement Class required by Federal Rule of Civil Procedure 23 has been provided in accordance with the Court's Preliminary Approval Order. This Notice has been given in an adequate and sufficient manner; constitutes appropriate notice under the circumstances; and satisfies Rule 23 and due process.

3. Defendants have timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and finds that Defendants' notification complies fully with the applicable requirements of CAFA.

4. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by the parties.

5. The settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the Settlement Class considering the complexity, expense, and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

6. The relief provided under the settlement constitutes fair value given in exchange for the release of claims.

7. The parties and each Settlement Class Member have submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

This action is a class action against Defendants on behalf of a class that has been defined as follows:

**Settlement Class**: All natural persons who purchased and/or possessed health insurance from CareFirst and whose personally identifiable information, personal health information, sensitive personal information was breached as a result of the 2014 CareFirst data breach, which was announced on or about May 20, 2015. The Settlement Class does not include Defendant's officers, directors, and employees,

Parties 'counsel, any judge overseeing or considering the approval of the Settlement, together with members of their immediate family and any judicial staff.

1. The Settlement Agreement submitted by the parties for the Settlement Class is finally approved pursuant to Federal Rule of Civil Procedure 23 as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof.

2. This action is hereby dismissed on the merits, with prejudice and without costs.

3. As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

4. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendants and each member of the Settlement Class for any suit, action, proceeding, or dispute arising out of or relating to this Order, the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable

law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

5.   Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court awards $775,000 as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses.

6.   Upon consideration of the application for an individual settlement and service award, the Class Representatives, Chantal Attias, Andreas Kotzur, Richard Bailey, Latanya Bailey, Curt Tringler, Connie Tringler, and Lisa Crider, are awarded the amount of three thousand, five hundred dollars ($3,500.00) each, to be paid by Defendants, for the service each has performed for and on behalf of the Settlement Class.

7.   The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

    BY THE COURT:

_____
HON. CHRISTOPHER R. COOPER
UNITED STATES DISTRICT JUDGE

Dated: _____