IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANTAL ATTIAS, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>CAREFIRST, INC., *et al.*,<br><br>                    Defendants. | Civil Action No. 1:15-cv-00882-CRC |

### ORDER PRELIMINARILY APPROVING
### SETTLEMENT AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Settlement Agreement and Release entered into by the Parties, hereby orders that:

1. The Court has considered the proposed settlement of the claims related to the 2014 data breach of Defendants that are asserted in the above-captioned action with respect to the proposed Settlement Class[1] defined as:

> *All natural persons who purchased and/or possessed health insurance from CareFirst and whose personally identifiable information, personal health information, sensitive personal information was breached as a result of the 2014 CareFirst data breach, which was announced on or about May 20, 2015.*

---

[1] Capitalized terms are as defined in the Settlement Agreement and Release (ECF No. 121-1.)

The Settlement Class does not include Defendant's officers, directors, and employees, Parties' counsel, any judge overseeing or considering the approval of the Settlement, together with members of their immediate family and any judicial staff.

2. The Settlement Agreement filed by the Parties appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. The proposed settlement therein is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

3. For settlement purposes only, the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been preliminary satisfied, in that:

   a. The class is so numerous that joinder of all members is impracticable;
   b. The claims of the Plaintiffs are typical of those of the members of the Settlement Class;
   c. There are questions of fact and law common to all members of the Settlement Class;
   d. The Plaintiffs will fairly and adequately protect the interests of the Settlement Class and have retained Class Counsel experienced in consumer class action litigation who have, and will continue to, adequately represent the settlement class.

4. For settlement purposes only, the Court finds this action is preliminarily maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Settlement Class and injunctive relief is appropriate respecting the Settlement Class as a whole.

5. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, the Settlement Class shall be decertified, the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or

construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement and Release had not been negotiated, made, or filed with the Court. In that event, the Parties will return to the position they were in prior to the filing of the Motion for Preliminary Approval.

6. The Court appoints Chantal Attias, Andreas Kotzur, Richard Bailey, Latanya Bailey, Curt Tringler, Connie Tringler, and Lisa Crider as Class Representatives. The Court appoints The Giatras Law Firm, PLLC; Nidel & Nace, PLLC; and Paulson & Nace, PLLC as Class Counsel. The Court approves Continental DataLogix, LLC as the Settlement Administrator.

7. The Court will hold a Final Approval Hearing under Federal Rule of Civil Procedure 23(e) on May 27, 2025 at 2 P.M. at the United States District Court for the District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Ave. NW, Washington, DC 20001, for the following purposes:

   a. To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

   b. To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Agreement;

   c. To consider the application of Class Counsel for an award of attorneys' fees, costs, and for a Service Award to the Class Representatives; and

   d. To rule upon such other matters as the Court may deem appropriate.

8. To the extent the Parties or Settlement Administrator determine that ministerial changes to the Notice Plan are necessary before disseminating notice to the Settlement Class Members, they may make such changes without further application to the Court.

9. The Court finds the Notice Plan fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes appropriate notice under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. Any Settlement Class Member who wishes for an objection to be considered must file a written notice of objection with the Court by April 21, 2025. The objection must include the following: (1) the Settlement Class Member's full name, address, and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, including a true and correct copy of such exhibits; (6) a statement regarding whether the objector intends to appear at the Final Approval Hearing; and (7) the objector's signature and a notation that the objection is for "*Attias v. CareFirst*, Civil Action No. 1:15-cv-00882-CRC."

11. Any Settlement Class Member who fails to timely file a written objection pursuant to the terms of this Order and the Agreement shall not be permitted to object to the approval of the settlement or the Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Agreement by appeal or other means.

12. Neither this Order nor the Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The preliminary approval of the Agreement does not

constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendants.

13. The Court reserves continuing jurisdiction over this action to consider all further matters arising out of or connected with the Agreement.

**IT IS SO ORDERED**, this 4th day of February, 2025.

_____
CHRISTOPHER R. COOPER
UNITED STATES DISTRICT JUDGE